JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336 / Fax: 702.388.6418
tony.lopez@usdoj.gov

GLENN S. LEON
Chief, Fraud Section
SARA HALLMARK
Trial Attorney
Department of Justice
Fraud Section
1400 New York Avenue, NW
Washington, D.C. 20005
sara.hallmark2@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY GERARD TOPOLEWSKI,<br><br>Defendant. | 2:24-cr-00150-GMN-NJK<br><br>**Stipulation for a Protective Order** |

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to the public, or any third party not directly related to this case, any documents, recordings, or other tangible things produced by the Government during discovery, containing personal identifying information and financial records of third parties. The parties state as follows:

1.     An indictment was returned by the grand jury sitting in Las Vegas, in the District of Nevada, in Criminal Case No. 2:24-cr-00150, charging TOPOLEWSKI with three counts of bank fraud, in violation of 18 U.S.C. § 1344(1) & (2), and 2(b), carrying a penalty of a maximum of 30 years' imprisonment on each count. The Indictment also seeks forfeiture of various assets.

2.     The Government desires and intends to produce discovery as soon as possible.

3.     The indictment in this case alleges that Defendant TOPOLEWSKI submitted and caused to be submitted false and fraudulent commercial loan applications and supporting materials to financial lenders and financial institutions on behalf of companies that he controlled.

4.     The government further alleges in this case that TOPOLEWSKI misused the identity of at least one real person.

5.     The discovery is voluminous in this case and includes personal identifying information and financial records of third parties (the "Protected Information"). The "Protected Information" is subject to this protective order. Pursuant to Paragraph 9, below, the "Protected Information" subject to this protective order shall include the designation "PI" or "Subject to Protective Order" on the discovery to differentiate it from that discovery not subject to this protective order.

6.     The Government believes this order is necessary as the dissemination of "Protected Information" could endanger the privacy and financial information of the third parties.

7.     In order to protect the privacy of the third parties, the parties intend to restrict access of the Protected Information to the following individuals: attorneys for the parties,

and any personnel that the attorneys for all parties consider necessary to assist in performing those attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals"). The Defendant is not a Covered Individual.

8. The Covered Individuals shall be advised of the Protective Order, and as such without leave of Court, the Covered Individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of the "Protected Information" in this case;

    b. allow any other person to read, listen, or otherwise review the "Protected Information" in this case;

    c. use the "Protected Information" for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

    d. attach any "Protected Information" to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

9. The Protected Information shall be segregated from discovery not containing personal identifying information, and Defendant shall only be permitted to review the Protected Information in the presence of defense counsel who shall retain exclusive possession of the Protected Information.

10. Nothing in this stipulation is intended to restrict the parties' use or introduction of the "Protected Information" as evidence at trial or support in motion

practice. Nothing in this stipulation is intended to bar or otherwise restrict counsel from rendering advice to his or her client with respect to the charges in the Indictment.

11. The parties shall inform any person to whom disclosure is made pursuant to this order of the existence and terms of this Court's order.

12. In the event of an inadvertent disclosure of the Protected Information, the party making or learning of the inadvertent disclosure will immediately:

 a. Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order;

 b. Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

 c. Notify the other party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

 d. Notify the Court in writing under seal.

13. The parties reserve the right to seek to modify the terms in this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1).  Should a reasonable need for this protective order cease to exist, on the grounds other than a Covered Individual or some other person violating or circumventing its terms, the Government will move expeditiously for its dissolution.

14. Undersigned counsel for the defense hereby stipulate to this protective order.

                                      Respectfully submitted,

                                      GLENN S. LEON
                                      Chief, Fraud Section

*Crane Pomerantz*                   */s/ Sara Hallmark*
CRANE POMERANTZ, ESQ.        SARA HALLMARK
Counsel for Defendant             Trial Attorney
Gary Gerard Topolewski         U.S. Department of Justice
                                      Criminal Division, Fraud Section

                                      JASON M. FRIERSON
                                      United States Attorney

                                      */s/ Richard Anthony Lopez*
                                      RICHARD ANTHONY LOPEZ
                                      Assistant United States Attorney

                                      **ORDER**

IT IS SO ORDERED.
Dated:  July 22, 2024

                                      HONORABLE NANCY J. KOPPE
                                      UNITED STATES MAGISTRATE JUDGE