SUE FAHAMI
Acting United States Attorney
Nevada Bar Number 5634
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336/Fax: 702.388.6418
tony.lopez@usdoj.gov

GLENN S. LEON
Chief, Fraud Section
SARA HALLMARK
Trial Attorney
Department of Justice
Fraud Section
1400 New York Avenue, NW
Washington, D.C. 20005
sara.hallmark2@usdoj.gov
*Attorneys for the United States of America*

FILED      RECEIVED
ENTERED      SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 0 4 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SUPERSEDING CRIMINAL INDICTMENT** |
| Plaintiff, | |
| | Case No. 2:24-cr-150-GMN-NJK |
| v. | **VIOLATIONS:** |
| GARY GERARD TOPOLEWSKI, | Title 18, United States Code, Sections 1344(1) & (2), and 2 – Bank Fraud; |
| Defendant. | Title 18, United States Code, Section 1956(a)(1)(B)(i) – Concealment Money Laundering; |
| | Title 18, United States Code, Section 1957 – Money Laundering; and |
| | Title 18, United States Code, Section 1028A(a)(1) – Aggravated Identity Theft. |

**THE GRAND JURY CHARGES THAT AT TIMES RELEVANT TO THE**

**SUPERSEDING INDICTMENT:**

1

## INTRODUCTORY ALLEGATIONS

1.    Between approximately March 2014 and May 2024, Defendant Gary Gerard TOPOLEWSKI submitted and caused to be submitted false and fraudulent commercial loan applications and supporting materials to financial institutions and other lenders on behalf of companies that he controlled. TOPOLEWSKI, among other things, falsely represented in loan applications that the loan proceeds were for the purchase of large, industrial earth-moving construction equipment and for business working capital purposes. In reality, TOPOLEWSKI, and his companies, did not use the proceeds as falsely represented and instead diverted, laundered, and misappropriated the proceeds for other purposes. As a result, TOPOLEWSKI fraudulently obtained on behalf of his companies approximately $40 million in commercial loan proceeds from financial institutions and lenders and unsuccessfully sought millions more.

### Defendant

2.    During the relevant period, TOPOLEWSKI was a United States citizen, residing in Las Vegas, Nevada and then in Southern California.

### Defendant's Entities

3.    Topolewski America Inc. ("Topolewski America") was a corporation registered in the State of Nevada since approximately 1993, and utilized the website "www.topcor.us." TOPOLEWSKI was the original registered agent of Topolewski America and was listed in filings with the Nevada Secretary of State as a previous President, Director, Secretary, and Treasurer of the company, until at least 2016. Topolewski America purported to be a civil and mining contractor that used a business address in Las Vegas, Nevada.

2

4. Morrison-Knudsen Services Inc. ("Morrison Knudsen") was a corporation registered in the State of Nevada since approximately 2008, and utilized the website "morrison-knudsen.com." TOPOLEWSKI was listed in submissions to the Nevada Secretary of State as having held multiple positions with the company, including President, Secretary, and Director.

5. Finning International Inc. ("Finning Nevada") was a corporation registered in the State of Nevada since approximately 2008. TOPOLEWSKI was listed as a previous President and Secretary of the company in submissions to the Nevada Secretary of State. During the relevant period, Finning Nevada used business addresses in Carson City and Henderson, Nevada. Finning Nevada was not affiliated with the multi-national Caterpillar distribution company of the same name, with its head office in Canada.

6. Finning Nevada was the company to which financial lenders and financial institutions sent loan funds upon approving the loans for Topolewksi America and Morrison Knudsen. All three of the entities, as well as others, were controlled by TOPOLEWSKI.

7. Metal Jeans Inc. ("Metal Jeans") was a corporation registered in the State of Nevada since approximately 1997, with the same listed business address as Topolewski America. TOPOLEWSKI was listed in submissions to the Nevada Secretary of State as having held multiple positions with the company, including President, Secretary, and Director.

**Victim Financial Lenders Related to Charged Counts**

8. Financial Institution A was a bank insured by the Federal Deposit Insurance Corporation (FDIC), with headquarters in Beverly Hills, California.

9. Financial Institution B was a bank insured by the FDIC, with headquarters in Pittsburgh, Pennsylvania.

10. Financial Institution C was a bank insured by the FDIC, with headquarters in San Francisco, California.

11. Financial Institution D was a bank insured by the FDIC, with headquarters in Bentonville, Arkansas.

12. Financial Institution E was a bank insured by the FDIC, with headquarters in Chicago, Illinois and Evansville, Indiana.

13. Financial Institution F was a bank insured by the FDIC, with headquarters in Minneapolis, Minnesota.

14. Financial Institutions A through F were financial institutions as defined in 18 U.S.C. § 20.

**Purpose of the Scheme to Defraud**

15. The purpose of the scheme was for TOPOLEWSKI to fraudulently obtain commercial loans on behalf of companies he controlled from financial lenders, including the victim financial institutions listed above, through false and misleading statements and representations, all so that TOPOLEWSKI could misappropriate the funds, unlawfully enrich himself, and conceal his scheme.

**Manner and Means of the Scheme to Defraud**

16. As part of the scheme, TOPOLEWSKI applied for commercial loans on behalf of entities under his control.

17. As further part of the scheme, TOPOLEWSKI, among other things, (a) provided, and caused to be provided, materially false, fraudulent, and misleading representations to lenders—including Financial Institutions A through F—about both the nature of the business of the borrower companies and the nature and purpose of the requested loans; (b) created, and caused to be created, materially false and fraudulent

supporting materials, including falsified equipment invoices, financial reports, tax filings, and income statements, to fraudulently induce the financial institutions to extend loans to his companies; and (c) concealed from financial institutions material information, including that TOPOLEWSKI was on both sides of the subject transactions, as both the purported buyer and the seller of the equipment that purportedly justified the purpose of the loan.

18.    As further part of the scheme, and to disguise the scheme, TOPOLEWSKI utilized at least two aliases—"R.F." and "B.W."—and used multiple email accounts with the domains "@topcor.us," "@morrison-knudsen.com," "@finningint.com," and "@metaljeans.com," including to communicate with financial institutions about loans to his companies.

19.    To further disguise the scheme to defraud, TOPOLEWSKI utilized company names for some of these entities that were similar or identical to the names of existing reputable companies in the construction industry.

20.    On behalf of Topolewski America, TOPOLEWSKI fraudulently obtained approximately $29 million in commercial loan proceeds from financial lenders and financial institutions and unsuccessfully sought millions more.

21.    On behalf of Morrison Knudsen, TOPOLEWSKI fraudulently obtained approximately $965,000 in commercial loan proceeds from a financial institution.

22.    On behalf of Metal Jeans, TOPOLEWSKI fraudulently obtained approximately $8.8 million in commercial loan proceeds from a financial institution.

*The Topolewski America and Morrison Knudsen Loans*

23.    As an example, TOPOLEWSKI applied for and obtained loans from Financial Institutions A, B, C, D, and E on behalf of Topolewski America and Morrison Knudsen, purportedly to purchase large construction equipment from Finning Nevada.

24. In support of these loan applications, TOPOLEWSKI submitted and caused to be submitted to Financial Institutions A, B, C, D, and E false and fraudulent supporting materials, such as:

     a. false invoices identifying, among other things, the construction equipment to be purchased and the total cost of the equipment;

     b. false income statements claiming that the applicant company had tens of millions of dollars in revenue;

     c. false tax filings of the applicant company;

     d. false tax filings of TOPOLEWSKI in his personal capacity;

     e. false bank statements from TOPOLEWSKI's personal bank account;

     f. false reports regarding the applicant company's financial position purportedly prepared by Accounting Firm 1, which supposedly reviewed the applicant company's financial records;

     g. false statements regarding the companies' operations and customers, such as a claim that its "largest clients are from our federal, state government and the mining market sector" including its "three major customers: the BLM, EPA, and DOE."

25. As part of these loan applications, TOPOLEWSKI did not disclose to Financial Institutions A, B, C, D, and E that he controlled Finning Nevada and its bank account.

26. As a result of the materially false and fraudulent loan applications and supporting materials above:

     a. on or around June 21, 2017, Financial Institution A sent approximately $965,000 in loan funds to Finning Nevada;

6

b.      on or around March 12, 2018, Financial Institution B sent approximately $1,922,750 in loan funds to Finning Nevada;

c.      on or around March 12, 2018, Financial Institution B sent approximately $1 million in loan funds to TOPOLEWSKI's personal bank account;

d.      on or around July 30, 2019, Financial Institution C sent approximately $3,521,250 in loan funds to Finning Nevada;

e.      on or around May 18, 2020, Financial Institution C sent approximately $1,960,481.84 in loan funds to Finning Nevada;

f.      on or around July 12, 2021, Financial Institution C sent approximately $2,907,300 in loan funds to Finning Nevada;

g.      on or around April 7, 2022, Financial Institution D sent approximately $3,511,512 in loan funds to Finning Nevada; and

h.      on or around April 11, 2023, Financial Institution E sent approximately $5,470,562.50 in loan funds to Finning Nevada.

27.      As further part of the scheme, TOPOLEWSKI utilized the fraudulently obtained loan proceeds for his own unlawful purposes and did not use the loan proceeds to purchase the purported construction equipment, as falsely represented to financial lenders in loan-application materials. TOPOLEWSKI, among other things, diverted, laundered, and misappropriated fraudulently obtained loan proceeds for other purposes, including personal expenditures and to make Ponzi-like payments to other financial lenders—that is, using loan proceeds from newer loans to pay down the balance of other loans.

*The Metal Jeans Loans*

28.    As another example, on or about May 6, 2022, TOPOLEWSKI submitted and caused to be submitted loan-application materials on behalf of Metal Jeans to Financial Institution F.  TOPOLEWSKI sought a revolving credit agreement in the amount of $5 million, and falsely represented and caused to be represented that loan proceeds would be used for Metal Jeans' working capital expenses.

29.    To support the loan application, TOPOLEWSKI submitted and caused to be submitted materially false income statements for the years 2019, 2020, and 2021, which falsely claimed that Metal Jeans had over $32 million, $35 million, and $37 million in revenue each of those years, respectively.  These income statements falsely indicated the financial records had been audited by Accounting Firm 1.

30.    As a result of the loan application and supporting materials, Financial Institution F entered into a revolving credit agreement with Metal Jeans, which was renewed twice thereafter, on or about March 14, 2023 and on or about April 23, 2024.  As a result, TOPOLEWSKI was able to draw loan proceeds from Financial Institution F on approximately 12 occasions, totaling approximately $8.8 million, into a bank account of Metal Jeans held at Financial Institution F.

31.    Despite his representations to Financial Institution F about the nature and purpose of the loan, TOPOLEWSKI did not use the majority of the loan proceeds on working capital expenses of a clothing company.  Instead, TOPOLEWSKI misappropriated and diverted the majority of the loan proceeds fraudulently obtained from Financial Institution F to other bank accounts under his control, including accounts for Topolewski America and Morrison Knudsen, and used the proceeds for his own purposes.

8

## COUNTS ONE TO NINE
### Bank Fraud
(18 U.S.C. §§ 1344(1) & (2), and 2(b))

32.   Paragraphs One through Thirty-One of this Superseding Indictment are hereby realleged and incorporated herein by reference.

33.   Beginning on a date unknown, but no later than in or about March 2014 and continuing to at least in or about May 2024, in the State and Federal District of Nevada and elsewhere,

**GARY GERARD TOPOLEWSKI,**

defendant herein, knowingly and with intent to defraud, executed and attempted to execute a scheme and artifice to defraud financial institutions and to obtain the money, funds, and other property owned by and under the control of financial institutions within the meaning of 18 U.S.C. § 20, by means of materially false and fraudulent pretenses, representations, and promises, as follows, each execution a separate violation of Title 18, United States Code, Sections 1344(1) & (2), and 2(b):

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|-------|------------------|-------------|
| ONE | June 21, 2017 | Distribution of Morrison Knudsen loan from Financial Institution A by wire transfer to the bank account of Finning Nevada ending in x-4916 in the approximate amount of $965,000 |
| TWO | March 12, 2018 | Distribution of Topolewski America loan from Financial Institution B by wire transfer to the bank account of Finning Nevada ending in x-4916 in the approximate amount of $1,922,750 |
| THREE | July 30, 2019 | Distribution of Topolewski America loan from Financial Institution C by wire transfer to the bank account of Finning Nevada ending in x-4916 in the approximate amount of $3,521,250 |

9

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| FOUR | May 18, 2020 | Distribution of Topolewski America loan from Financial Institution C by wire transfer to the bank account of Finning Nevada ending in x-4916 in the approximate amount of $1,960,481.84 |
| FIVE | July 12, 2021 | Distribution of Topolewski America loan from Financial Institution C by wire transfer to the bank account of Finning Nevada ending in x-4916 in the approximate amount of $2,907,300 |
| SIX | April 7, 2022 | Distribution of Topolewski America loan from Financial Institution D by wire transfer to the bank account of Finning Nevada ending in x-4916 in the approximate amount of $3,511,512 |
| SEVEN | April 11, 2023 | Distribution of Topolewski America loan from Financial Institution E by wire transfer to the bank account of Finning Nevada ending in x-4916 in the approximate amount of $5,470,562.50 |
| EIGHT | July 3, 2023 | Distribution of Metal Jeans loan from Financial Institution F by wire transfer to the bank account of Metal Jeans ending in x-8211 in the approximate amount of $600,000 |
| NINE | March 6, 2024 | Distribution of Metal Jeans loan from Financial Institution F by wire transfer to the bank account of Metal Jeans ending in x-8211 in the approximate amount of $1,000,000 |

<u>COUNTS TEN TO FOURTEEN</u>
**Concealment Money Laundering**
(18 U.S.C. § 1956(a)(1)(B)(i))

34.    Paragraphs One through Thirty-One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

35.    On or about the dates specified below, in the State and Federal District of Nevada and elsewhere,

**GARY GERARD TOPOLEWSKI,**

defendant herein, conducted the following financial transactions involving the proceeds of specified unlawful activity, that is, Bank Fraud, in violation of 18 U.S.C. §§ 1344(1) & (2), and 2(b), as described in Counts Five, Six, Seven, and Eight, knowing that the property involved represented the proceeds of unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the unlawful proceeds, each transaction a separate violation of 18 U.S.C. § 1956(a)(1)(B)(i):

| COUNT | APPROXIMATE DATE | DESCRIPTION OF FINANCIAL TRANSACTION |
|---|---|---|
| TEN | July 13, 2021 | Transfer from Bank Account of Finning Nevada ending in x-4916 of approximately $800,000 to the Bank Account of Topolewski America ending in x-2652. |
| ELEVEN | April 7, 2022 | Transfer from Bank Account of Finning Nevada ending in x-4916 of approximately $2,000,000 to the Bank Account of Topolewski America ending x-8750 |
| TWELVE | April 12, 2023 | Transfer from Bank Account of Finning Nevada ending in x-4916 of approximately $2,000,000 to the Bank Account of Metal Jeans ending x-8211 |
| THIRTEEN | April 12, 2023 | Transfer from Bank Account of Metal Jeans ending in x-8211 of approximately $1,000,000 to the Bank Account of Topolewski America ending in x-8750 |
| FOURTEEN | July 3, 2023 | Transfer from Bank Account of Metal Jeans ending in x-8211 of approximately $200,000 to the Bank Account of Topolewski America ending in x-8750 |

**COUNTS FIFTEEN TO TWENTY**
**Money Laundering**
(18 U.S.C. § 1957)

36.     Paragraphs One through Thirty-One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

11

37.     On or about the dates specified below, in the State and Federal District of Nevada and elsewhere,

**GARY GERARD TOPOLEWSKI,**

defendant herein, did knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Bank Fraud, in violation of 18 U.S.C. §§ 1344(1) & (2), and 2(b), as alleged in Counts Five, Six, and Seven, each transaction in violation of 18 U.S.C. § 1957.

| COUNT | APPROXIMATE DATE | DESCRIPTION OF FINANCIAL TRANSACTION |
|---|---|---|
| FIFTEEN | July 13, 2021 | Transfer from Bank Account of Finning Nevada ending in x-4916 of approximately $200,000 to the Bank Account of Metal Jeans ending x-8211 |
| SIXTEEN | April 7, 2022 | Transfer from Bank Account of Finning Nevada ending in x-4916 of approximately $100,000 to the Bank Account of Morrison Knudsen ending x-4908 |
| SEVENTEEN | April 7, 2022 | Transfer from Bank Account of Finning Nevada ending in x-4916 of approximately $200,000 to the Bank Account of Metal Jeans ending x-8211 |
| EIGHTEEN | April 7, 2022 | Transfer from Bank Account of Finning Nevada ending in x-4916 of approximately $200,000 to the Bank Account of Northern Resources Inc. ending x-4443 |
| NINETEEN | April 20, 2023 | Transfer from Bank Account of Finning Nevada ending in x-4916 of approximately $1,000,000 to the Bank Account of Metal Jeans ending x-8211 |
| TWENTY | May 8, 2023 | Transfer from Bank Account of Finning Nevada ending in x-4916 of approximately $250,000 to the Bank Account of Metal Jeans ending x-8211 |

## COUNT TWENTY-ONE
### Aggravated Identity Theft
(18 U.S.C. § 1028A(a)(1))

38.     Paragraphs One through Thirty-One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

39.     On or about April 6, 2022, in the State and Federal District of Nevada and elsewhere,

## GARY GERARD TOPOLEWSKI,

defendant herein, did knowingly possess and use, without lawful authority, the means of identification of another person, that is, a California driver's license bearing the name, date of birth, and address of B.W., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Bank Fraud, in violation of 18 U.S.C. §§ 1344(1) & (2), and 2(b), as alleged in Count Six, knowing the means of identification belonged to another person, all in violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE ALLEGATION ONE
*Bank Fraud and Aggravated Identity Theft*

40.     The allegations contained in Counts One through Nine and Twenty-One of this Superseding Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2)(A).

41.     Upon conviction of any of the felony offenses charged in Counts One through Nine and Twenty-One of this Superseding Criminal Indictment,

**GARY GERARD TOPOLEWSKI,**

defendant herein, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1028A(a)(1) with 1028A(c)(5) and 18 U.S.C. § 1344, or a conspiracy to commit such offense:

defendant herein, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1028A(a)(1) with 1028A(c)(5) and 18 U.S.C. § 1344, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense:

defendant herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of 18 U.S.C. § 1028A(a)(1) with 1028A(c)(5) and 18 U.S.C. § 1344, affecting a financial institution, or a conspiracy to violate such offense:

1. an in personam criminal forfeiture money judgment including, but not limited to, at least $21,858,856.34; and

2. any and all property with the requisite nexus to a violation of 18 U.S.C. § 1344 under to the forfeiture statutes in this forfeiture allegation and Fed. R. Crim. P. 32.2(b)(2)(C)

(all of which constitutes property).

42.    If any of the property being subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2)(A), as a result of any act or omission of the defendant:

14

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant for the property listed above.

43.   All under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); 18 U.S.C. § 1028A(a)(1) with 1028A(c)(5); and 18 U.S.C. § 1344.

## FORFEITURE ALLEGATION TWO
*Concealment Money Laundering and Money Laundering*

44.   The allegations contained in Counts Ten through Twenty of this Superseding Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1).

45.   Upon conviction of any of the felony offenses charged in Counts Ten through Twenty of this Superseding Criminal Indictment,

**GARY GERARD TOPOLEWSKI,**

defendant herein, shall forfeit to the United States of America any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957:

defendant herein, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18

15

U.S.C. §§ 1956(a)(1)(B)(i) and 1957, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense:

defendant herein, shall forfeit to the United States of America, any property real or personal, involved in violations of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957, or any property traceable to such property:

1. an in personam criminal forfeiture money judgment including, but not limited to, at least $6,000,000; and

2. any and all property with the requisite nexus to a violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957 under to the forfeiture statutes in this forfeiture allegation and Fed. R. Crim. P. 32.2(b)(2)(C)

(all of which constitutes property).

46.     If any of the property being subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1), as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant for the property listed above.

/ / /

/ / /

16

47.    All under 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); and 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957.

**DATED:** this 4th day of February, 2025

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

U.S. DEPARTMENT OF JUSTICE
FRAUD SECTION
GLENN S. LEON
Chief

U.S. ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA
SUE FAHAMI
Acting United States Attorney

SARA HALLMARK
Trial Attorney
U.S. Department of Justice
Fraud Section

RICHARD ANTHONY LOPEZ
Assistant United States Attorney

17