UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY GERARD TOPOLEWSKI,<br><br>Defendant. | Case No. 2:24-cr-00150-GMN-NJK<br><br>**Order**<br><br>(Docket Nos. 36, 41) |

Pending before the Court is Defendant Gary Topolewski's motion to reopen detention hearing. Docket No. 36. The Court has considered Defendant's motion, the United States' response, Defendant's reply, and all exhibits. Docket Nos. 36, 42, 45.[1] For the reasons discussed below, the Court hereby **DENIES** Defendant's motion to reopen the detention hearing.

**I.    BACKGROUND**

On June 25, 2024, a criminal complaint issued against Defendant for bank fraud. Docket No. 1. Defendant was arrested in the Eastern District of Washington and, on June 28, 2024, Defendant was ordered detained by United States Magistrate Judge James A. Goeke. *See* Docket No. 7-3 (minutes of detention hearing); *see also* Docket No. 7-1 (written order). On July 9, 2024, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with three counts of bank fraud, in violation of Title 18, United States Code, Sections 1344(1) & (2),

---

[1] Also pending before the Court is Defendant's motion to seal. Docket No. 41. The Court already struck the subject exhibit as improperly filed and the Court's prior order has the effect of shielding it from public view. Accordingly, the motion to seal is **DENIED** as moot. To be clear, however, there is no dispute as to the medical information identified within that exhibit, which the Court has considered in reaching its decision herein.

and 2(b), as well as a forfeiture allegation. Docket No. 8.[2] On July 15, 2024, Defendant made his initial appearance in this District. Docket No. 10.

On July 18, 2024, Defendant filed a motion for district judge review of the detention order. Docket No. 14. On August 20, 2024, United States District Judge Gloria M. Navarro granted the motion for district judge review and affirmed the detention order. Docket No. 29. In reaching that determination, Judge Navarro found that the nature and circumstances of the offense charged strongly weigh in favor of detention because the risk of flight was heightened given the very lengthy maximum prison terms (up to 30 years on each count) and the fact that the offense involves the use of false identifications and aliases. *Id.* at 3-4. Judge Navarro found further that, although the least important factor, the weight of the evidence militated in favor of detention given the "strong" evidence presented by the Government. *Id.* at 4. Judge Navarro also found that Defendant's history and characteristics favor detention. *Id.* at 4-6. Judge Navarro recognized that Defendant resided in either California or Nevada for 40 years and that he has no prior criminal history, but Judge Navarro found those considerations were outbalanced by Defendant's "readily available resources to flee." *Id.* at 4-5. In particular, Judge Navarro explained that Defendant has the necessary financial resources to fund flight, access to fraudulent documents including falsified driver's licenses, and family in Canada who could assist flight. *Id.* at 6. Judge Navarro lastly determined that home incarceration and location monitoring would not reasonably assure Defendant's presence or mitigate any risk of flight given his history of disobeying judicial orders in a civil matter, untruthfulness to law enforcement, and means to flee. *Id.* at 6-8. In conclusion, Judge Navarro determined that the governing factors "*heavily* weigh in favor of detention." *Id.* at 8 (emphasis added).

---

[2] As discussed below, on February 4, 2025, a federal grand jury sitting in Las Vegas, Nevada issued a superseding indictment charging Defendant with: (1) nine counts of bank fraud in violation of Title 18, United States Code, Sections 1344(1) & (2), and 2(b); (2) five counts of concealment of money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); (3) six counts of money laundering in violation of Title 18, United States Code, Section 1957; and (4) one count of aggravated identity theft in violation of Title 18, United States Code, Section 1028A(a)(1), along with (5) two forfeiture allegations. Docket No. 39.

On January 28, 2025, Defendant filed the instant motion to reopen his detention hearing. Docket No. 36. Defendant submits that the Court previously considered only his residence in California and Nevada with respect to his community ties, *id.* at 3, but Defendant now explains that his fiancée was recently diagnosed with cancer and will be undergoing treatment, *id.* at 4. The treatment consists of chemotherapy and surgery anticipated in May, 2025. *Id.* Defendant contends that his fiancée needs his assistance, particularly since she has no family near her, and that these circumstances show Defendant would have a strong incentive to not flee from California to evade these criminal proceedings. *Id.* at 5.

In response, the United States submits that the information identified has no material bearing on the Court's prior findings regarding Defendant's risk of flight. Docket No. 42. The United States highlights that this is not a typical white-collar defendant for the reasons explained during the detention process. *Id.* at 2. The United States also explains that the new circumstances do not show that the risk of flight is diminished, let alone establish a basis to reopen detention:

> As an initial matter, [Defendant's fiancée] is a Canadian citizen. Her foreign citizen status undercuts the argument that "she will need to remain in the location to receive medical treatment" and that the defendant "would have a strong motivation to remain in his prior residence," particularly given the defendant's strong ties to Canada, and the fact that Canada offers free universal healthcare to its citizens. Further, the defendant proffers that [Defendant's fiancée] "has no other family in the vicinity of Northridge, CA" and that the defendant "is and was the primary person" in [Defendant's fiancée's] life. As such, the new information may have a material bearing on [Defendant's] risk of flight, but not in the way he argued in his motion. Instead, it seems just as likely, if not more likely, that the defendant would seek to care for [Defendant's fiancée] in her home country, where he has family, property, and legal status to obtain the care she may need. In fact, it is not clear that [Defendant's fiancée] is even permitted to reside in the United States. For example, if she entered the United States as a visitor, she may be required to travel back home to Canada within six months.

*Id.* at 4-5 (citations and footnotes omitted).[3]

---

[3] The United States argues further that, even were detention reopened, the circumstances remain such that no condition or combination of conditions exist to reasonably assure Defendant's appearance. Docket No. 42 at 5-7.

3

In reply, Defendant submits that the United States fails to appreciate fully that his fiancée has already developed a treatment plan that she intends to follow in California and that having Defendant's support would assist in that endeavor. Docket No. 45 at 2. Defendant also contends that his fiancée would have already left if she intended to obtain treatment in Canada. *Id.* Defendant argues that this means his likelihood of fleeing is lessened because it includes the prospect of abandoning his fiancée during her time of need. *Id.* at 2-3.

**II.  STANDARDS**

The governing statute provides that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Courts interpret this provision strictly. *United States v. Bararia*, 2013 WL 1907782, at *4 (D. Nev. Mar. 12, 2013), *aff'd*, 2013 WL 1907750 (D. Nev. May 7, 2013). New information for these purposes must signify something other than a defendant's own evaluation of his character or the strength of the case against him: "truly changed circumstances, something unexpected, or a significant event." *United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 239 (D. P.R. 2009); *accord United States v. Juarez*, 2018 WL 10016172, at *2 (D. Nev. Dec. 13, 2018) (Navarro, C.J.). To have a "material bearing" on the issue, the evidence "must relate in some *significant* or *essential* way to the decision whether to detain." *United States v. Worrell*, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) (citing *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)) (emphasis in original). Merely identifying evidence with some logical relation to the detention decision is not enough. *Id.*

**III.  ANALYSIS**

The Court agrees with the United States that the newly-identified circumstances do not have a material bearing on the decision whether to detain. Defendant's fiancée has no family support near her current home in California and she is a Canadian citizen who may enjoy more support and treatment options in Canada. Hence, the circumstances may create a motivation to leave California and relocate in Canada. Defendant also fails to respond to the United States'

4

assertion that his fiancée may actually be *required* to return to Canada in the coming months depending on her immigration status. *See* Docket No. 42 at 5. These circumstances can be read as creating a higher risk of flight, not a lesser risk.[4] In short, the Court has not been persuaded that the new circumstances identified actually decrease Defendant's significant flight risk, so the Court does not find them to have a material bearing on Defendant's detention.

Additionally, and significantly, the Court analyzes the materiality of new information within the context of the entire detention picture. *See Juarez*, 2018 WL 10016172, at *3 (finding increased bail resources and new family tie information immaterial given the fact that the other substantial evidence remained unchanged as to risk of flight). Judge Navarro has already recognized a serious risk of flight given, *inter alia*, the very lengthy maximum prison terms that Defendant faces, the fact that the offenses involve the use of false identifications and aliases, the "strong evidence" against Defendant, his financial resources to flee, Defendant's access to fraudulent documents including falsified driver's licenses, Defendant's family in Canada who could assist flight, Defendant's untruthfulness with law enforcement, and Defendant's history of violating judicial orders. Docket No. 29 at 3-8. In balancing all of the circumstances, Judge Navarro determined that the factors weighed "heavily" in favor of detention. *Id.* at 8. These other circumstances continue to exist and, if anything, weigh even more so in favor of detention.[5]

---

[4] The fact that Defendant's fiancée may have already created a treatment plan (or begun treating) in California does not alter the outcome, as a new plan could be formulated upon entry in Canada. Additionally, Defendant represents that he wishes to care for his fiancée through the chemotherapy treatment and anticipated surgery in May, 2025. Docket No. 36 at 4. Trial in this case is currently set for August 25, 2025. Docket No. 46. The papers do not explain why the circumstances identified would in any way alter Defendant's earlier-found risk of flight once the anticipated surgery is done and his fiancée has recovered, but before trial commences.

[5] The charges at the time of the previous detention proceedings consisted of three counts of bank fraud, Docket No. 8, but the recent superseding indictment includes even more significant charges of nine counts of bank fraud, five counts of concealment of money laundering, six counts of money laundering, and one count of aggravated identity theft, Docket No. 39. Hence, the stakes are even higher now, which raises the risk of flight.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the information submitted by Defendant does not meet the standard required by Title 18, United States Code, Section 3142(f) to reopen his detention hearing.

Accordingly,

IT IS ORDERED that Defendant's motion to reopen detention hearing, Docket No. 36, is hereby **DENIED**.

IT IS FURTHER ORDERED that Defendant's motion to seal, Docket No. 41, is hereby **DENIED** as moot.

IT IS SO ORDERED.

DATED: February 26, 2025

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE