

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>GARY GERARD TOPOLEWSKI,<br><br>        Defendant. | 2:24-CR-150-GMN-NJK<br><br>**Preliminary Order of Forfeiture** |

This Court finds Gary Gerard Topolewski pled guilty to Count Six of a Twenty-One-Count Superseding Criminal Indictment charging him with bank fraud in violation of 18 U.S.C. § 1344(1) & (2). Superseding Criminal Indictment, ECF No. 39; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds Gary Gerard Topolewski agreed to the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgment set forth in the Plea Agreement, Forfeiture Allegation One of the Superseding Criminal Indictment, and Forfeiture Allegation One of the Bill of Particulars. Superseding Criminal Indictment ECF No. 39; Bill of Particulars, ECF No. 57; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has (1) proven the amount for the personal criminal forfeiture money judgment and (2) established the requisite nexus between the property set forth in the Plea Agreement, Forfeiture Allegation One of the Superseding Criminal Indictment, and Forfeiture Allegation One of the Bill of Particulars and the offense to which Gary Gerard Topolewski pled guilty.

      The following property is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1344, or a conspiracy to commit such offense; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1344, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense; and (3) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of 18 U.S.C. § 1344, affecting a financial institution, or a conspiracy to violate such offense and are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p):

1. the amount of the illegal proceeds used to purchase real property located at 18765 Tuba Street (Northridge Area), Los Angeles, CA 91324, more particularly described as follows:

    THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

    LOT 19 OF TRACT NO. 17404, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 596, PAGE(S) 26 AND 27 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY.

    EXCEPT THEREFROM "ANY AND ALL OILS AND MINERALS LYING 200 FEET BELOW THE SURFACE OF LOTS 1 TO 63 INCLUSIVE OF TRACT NO. 17404, AS PER MAP RECORDED IN BOOK 596 PAGES 26 AND 27 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, WITHOUT ANY RIGHT TO THE USE OF THE SURFACE OR THE SUBSURFACE TO A DEPTH OF 200 FEET BELOW THE SURFACE FOR ANY PURPOSE THAT MAY BE INCIDENTAL TO THE OWNERSHIP OF SAID SUBSTANCES." WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON; APN: 2729-010-019; and

2. real property located at W. 80th Street, Rosamond, CA 93560, more particularly described as follows:

    THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA IN COUNTY OF KERN, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

    PARCEL 1 OF PARCEL MAP 9627, IN THE COUNTY OF KERN, STATE OF CALIFORNIA, AS PER PARCEL MAP FILED JULY 16, 1999 IN BOOK

50, PAGES 147 THROUGH 149, INCLUSIVE, OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER SAID COUNTY.

EXCEPT UNTO THE GRANTOR HEREIN 50% OF ALL GAS, OIL, HYDROCARBON AND OTHER MINERALS IN AND UNDER SAID LAND, BUT WITHOUT ANY RIGHT OF ENTRY TO THE SURFACE THEREOF, AS RESERVED BY AMERLAND CORPORATION, A CALIFORNIA CORPORATION, AS PER DEEDS RECORDED APRIL 11, 1986 IN BOOK 5941 PAGE 579, OF OFFICIAL RECORDS; WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON;
APN: 374-200-58-00-3

(all of which constitutes property)

and an in personam criminal forfeiture money judgment of $21,858,856.34, and that the property will be applied toward the payment of the money judgment under Ninth Circuit case law, forfeiture statutes, and Fed. R. Crim. P. 32.2(b)(2)(A).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Gary Gerard Topolewski an in personam criminal forfeiture money judgment of $21,858,856.34.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Gary Gerard Topolewski in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6). Notice is served on any individual or entity on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P. 32.2(b)(6)(D) and Supplemental Rule G(4)(b)(iii)-(v).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, within thirty (30) days of the final publication of notice on the official internet government forfeiture site, www.forfeiture.gov, or his receipt of written notice, whichever is earlier.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Assistant United States Attorney, to the attention of Asset Forfeiture, of the United States Attorney's Office at the following address at the time of filing:

    Tony Lopez, Assistant United States Attorney
    Attn: Asset Forfeiture
    501 Las Vegas Boulevard South, Suite 1100
    Las Vegas, Nevada 89101.

...

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED _____Dec 15_____, 2025.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE