**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>    v.<br><br>GARY GERARD TOPOLEWSKI,<br><br>     Defendant. | 2:24-CR-150-GMN-NJK<br><br>**First Amended Preliminary Order of Forfeiture** |

This Court finds Gary Gerard Topolewski pled guilty to Count Six of a Twenty-One-Count Superseding Criminal Indictment charging him with bank fraud in violation of 18 U.S.C. § 1344(1) & (2). Superseding Criminal Indictment, ECF No. 39; Change of Plea, ECF No. 69; Plea Agreement, ECF No. 70.

This Court finds Gary Gerard Topolewski agreed to the imposition of the in personam criminal forfeiture money judgment set forth in the Plea Agreement, Forfeiture Allegation One of the Bill of Particulars, and Forfeiture Allegation One of the Superseding Criminal Indictment. Superseding Criminal Indictment ECF No. 39; Bill of Particulars, ECF No. 57; Change of Plea, ECF No. 69; Plea Agreement, ECF No. 70.

This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has (1) proven the amount for the personal criminal forfeiture money judgment and (2) established the requisite nexus between the property set forth in the Plea Agreement, Forfeiture Allegation One of the Superseding Criminal Indictment, and Forfeiture Allegation One of the Bill of Particulars and the offense to which Gary Gerard Topolewski pled guilty.

The following property and money judgment are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1344, or a conspiracy to commit such offense; (2) any property, real or personal, which

constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1344, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense; and (3) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of 18 U.S.C. § 1344, affecting a financial institution, or a conspiracy to violate such offense and are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p):

1. the amount of the illegal proceeds used to purchase real property located at 18765 Tuba Street (Northridge Area), Los Angeles, CA 91324, more particularly described as follows:

   THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

   LOT 19 OF TRACT NO. 17404, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 596, PAGE(S) 26 AND 27 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY.

   EXCEPT THEREFROM "ANY AND ALL OILS AND MINERALS LYING 200 FEET BELOW THE SURFACE OF LOTS 1 TO 63 INCLUSIVE OF TRACT NO. 17404, AS PER MAP RECORDED IN BOOK 596 PAGES 26 AND 27 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, WITHOUT ANY RIGHT TO THE USE OF THE SURFACE OR THE SUBSURFACE TO A DEPTH OF 200 FEET BELOW THE SURFACE FOR ANY PURPOSE THAT MAY BE INCIDENTAL TO THE OWNERSHIP OF SAID SUBSTANCES." WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON; APN: 2729-010-019; and

2. the amount of the illegal proceeds used to purchase real property located at W. 80th Street, Rosamond, CA 93560, more particularly described as follows:

   THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA IN COUNTY OF KERN, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

   PARCEL 1 OF PARCEL MAP 9627, IN THE COUNTY OF KERN, STATE OF CALIFORNIA, AS PER PARCEL MAP FILED JULY 16, 1999 IN BOOK 50, PAGES 147 THROUGH 149, INCLUSIVE, OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER SAID COUNTY.

/ / /

EXCEPT UNTO THE GRANTOR HEREIN 50% OF ALL GAS, OIL, HYDROCARBON AND OTHER MINERALS IN AND UNDER SAID LAND, BUT WITHOUT ANY RIGHT OF ENTRY TO THE SURFACE THEREOF, AS RESERVED BY AMERLAND CORPORATION, A CALIFORNIA CORPORATION, AS PER DEEDS RECORDED APRIL 11, 1986 IN BOOK 5941 PAGE 579, OF OFFICIAL RECORDS; WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON; APN: 374-200-58-00-3

(all of which constitutes property)

and an in personam criminal forfeiture money judgment of $21,858,856.34, and that the property will be applied toward the payment of the money judgment under Ninth Circuit case law, forfeiture statutes, and Fed. R. Crim. P. 32.2(b)(2)(A).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Gary Gerard Topolewski the amount of illegal proceeds used to purchase the property and an in personam criminal forfeiture money judgment of $21,858,856.34.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED _____May 21_____, 2026.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

3