AO 245B (Rev. 11/25)   Judgment in a Criminal Case
                   Sheet 1

# UNITED STATES DISTRICT COURT

District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> GARY GERARD TOPOLEWSKI | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number:  2:24-cr-00150-GMN-NJK-1 <br><br> USM Number:  22336-511 <br><br> Lucas Gaffney, CJA <br> Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    6 of the Superseding Indictment (ECF #39)

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1344(1) & (2), and 2(b) | Bank Fraud | 4/7/2022 | 6s |

     The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    all remaining    ☐ is  ☑ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/7/2026
Date of Imposition of Judgment

Signature of Judge

GLORIA M. NAVARRO, JUDGE, U.S. DISTRICT COURT
Name and Title of Judge

July 7, 2026
Date

AO 245B (Rev. 11/25)  Judgment in Criminal Case
        Sheet 2 — Imprisonment

DEFENDANT:   GARY GERARD TOPOLEWSKI
CASE NUMBER:   2:24-cr-00150-GMN-NJK-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

78 MONTHS.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be allowed to serve his term of incarceration at a Bureau of Prisons facility in Southern California due to proximity to family and friends.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 7

DEFENDANT:   GARY GERARD TOPOLEWSKI
CASE NUMBER:   2:24-cr-00150-GMN-NJK-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 YEARS.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
              Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:  GARY GERARD TOPOLEWSKI
CASE NUMBER:  2:24-cr-00150-GMN-NJK-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page __5__ of __7__

DEFENDANT:  GARY GERARD TOPOLEWSKI
CASE NUMBER:  2:24-cr-00150-GMN-NJK-1

## SPECIAL CONDITIONS OF SUPERVISION

1. <u>No Contact</u> – You must not communicate, or otherwise interact, with B.W., either directly or through someone else, without first obtaining the permission of the probation office.

2. <u>Restitution</u> – Restitution in the amount of $19,414,187.15 due immediately.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of the term of supervised release, the defendant shall make payments in monthly installments to begin 60 days after the commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full.  It is recommended that the interest be waived pursuant to 18 U.S.C. § 3612(f).

3. <u>Access to Financial Information</u> – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

4. <u>Debt Obligations</u> – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

5. <u>Financial Penalty</u> – If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

6. <u>Search and Seizure</u> – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Note: A written statement of the conditions of release was provided to the Defendant by the Probation Officer in open court at the time of sentencing.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT: GARY GERARD TOPOLEWSKI
CASE NUMBER: 2:24-cr-00150-GMN-NJK-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 19,414,187.15 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See attached Restitution List | $19,414,187.15 | $19,414,187.15 | |

| **TOTALS** | $ 19,414,187.15 | $ 19,414,187.15 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:  GARY GERARD TOPOLEWSKI
CASE NUMBER:  2:24-cr-00150-GMN-NJK-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $ ___19,414,287.15___   due immediately, balance due

☐  not later than _____ , or
☑  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:
It is recommended that during the defendant's incarceration, any unpaid balance due and owing by the defendant shall be paid at a rate of $2,250.00 per quarter. Upon commencement of defendant's supervision, defendant shall pay at a rate of 10% of any gross income earned subject to adjustment by the Court based upon defendant's ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
Final Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.



_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
                  COUNSEL/PARTIES OF RECORD

JUL - 7 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**United States v. Gary Topolewski**
**2:24-cr-00150-GMN**
**Restitution List**

| Victim | Amount |
|---|---|
| Arvest Bank<br>P.O. Box 1670<br>Lowell, AR 72745 | $4,384,465.99 |
| BMO f/k/a Bank of the West<br>Attn: Jill Smith<br>1425 W. Mequon Road<br>Mequon, WI 53092 | $3,337,554.32 |
| De Lage Landen Financial Services<br>1111 Old Eagle School Road<br>Wayne, Pennsylvania 19087 | $629,813.25 |
| Old National Bank<br>Attn: Legal Department<br>3800 Rock Creek Blvd<br>Joliet, IL 60431 | $4,197,321.10 |
| Washington Federal Bank<br>Attn: Legal Department<br>425 Pike Street<br>Seattle, WA 98101 | $1,275,292.00 |
| US Bank<br>Special Assets Group<br>U.S Bank Scripps Ranch<br>9918 Hibert St/LM-CA-HB3<br>San Diego, CA 92131-1018 | $5,589,740.49 |
| **Total Restitution** | **$19,414,187.15** |

✓ FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL - 7 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:24-CR-150-GMN-NJK |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| GARY GERARD TOPOLEWSKI, | |
| Defendant. | |

This Court found that Gary Gerard Topolewski shall pay the in personam criminal forfeiture money judgment of $21,858,856.34 under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p). Superseding Criminal Indictment, ECF No. 39; Bill of Particulars, ECF No. 57; Change of Plea, ECF No. 69; Plea Agreement, ECF No. 70; Amended Preliminary Order of Forfeiture, ECF No. 84.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment amount of $21,858,856.34 complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the following is forfeited to the United States:

1. the amount of the illegal proceeds used to purchase real property located at 18765 Tuba Street (Northridge Area), Los Angeles, CA 91324, more particularly described as follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOT 19 OF TRACT NO. 17404, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 596, PAGE(S) 26 AND 27 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY.

EXCEPT THEREFROM "ANY AND ALL OILS AND MINERALS LYING 200 FEET BELOW THE SURFACE OF LOTS 1 TO 63 INCLUSIVE OF TRACT NO. 17404, AS PER MAP RECORDED IN BOOK 596 PAGES 26 AND 27 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, WITHOUT ANY RIGHT TO THE USE OF THE SURFACE OR THE SUBSURFACE TO A DEPTH OF 200 FEET BELOW THE SURFACE FOR ANY PURPOSE THAT MAY BE INCIDENTAL TO THE OWNERSHIP OF SAID SUBSTANCES." WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON; APN: 2729-010-019;

2. the amount of the illegal proceeds used to purchase real property located at W. 80th Street, Rosamond, CA 93560, more particularly described as follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA IN COUNTY OF KERN, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL 1 OF PARCEL MAP 9627, IN THE COUNTY OF KERN, STATE OF CALIFORNIA, AS PER PARCEL MAP FILED JULY 16, 1999 IN BOOK 50, PAGES 147 THROUGH 149, INCLUSIVE, OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER SAID COUNTY.

EXCEPT UNTO THE GRANTOR HEREIN 50% OF ALL GAS, OIL, HYDROCARBON AND OTHER MINERALS IN AND UNDER SAID LAND, BUT WITHOUT ANY RIGHT OF ENTRY TO THE SURFACE THEREOF, AS RESERVED BY AMERLAND CORPORATION, A CALIFORNIA CORPORATION, AS PER DEEDS RECORDED APRIL 11, 1986 IN BOOK 5941 PAGE 579, OF OFFICIAL RECORDS; WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON, APN: 374-200-58-00-3; and

3. a total in personam criminal forfeiture money judgment of $21,858,856.34;

the forfeiture of the in personam criminal forfeiture money judgment is imposed under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p); and 21 U.S.C. § 853(n)(7); the in personam criminal forfeiture money judgment shall be collected; and the collected amount shall be disposed of according to law.

/ / /

2

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Gary Gerard Topolewski the in personam criminal forfeiture money judgment of $21,858,856.34 under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); and 21 U.S.C. § 853(p).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED ___July 7___, 2026.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

3